UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THE THOMPSONS FILM, LLC, | Case No.: 2:13-cv-00560 |
| Plaintiff, | PLAINTIFF'S *EX PARTE* MOTION TO EXPEDITE DISCOVERY |
| v. | NOTE ON MOTION CALENDAR: |
| DOES 1 – 194, | MARCH 28, 2013 |
| Defendants. | EXPEDITED CONSIDERATION REQUESTED |

Pursuant to Federal Rules of Civil Procedure 26 and 45, Plaintiff The Thompsons Film, LLC hereby moves this Court *ex parte* for an order permitting Plaintiff to take limited expedited discovery prior to the Rule 26 conference to ascertain the specific identity of the Defendants listed in Exhibit 1 of the Complaint.

Plaintiff requests consideration of this motion on an expedited basis.

## LEGAL ARGUMENT

I.  INTRODUCTION

Plaintiff is the registered author of a motion picture entitled *The Thompsons*, Copyright Registration PAu 3-651-594.  Defendants are a group of BitTorrent users or peers whose computers are interconnected and used for illegally copying and distributing Plaintiff's motion

PLAINTIFF'S *EX PARTE* MOTION – Page 1
TO EXPEDITE DISCOVERY (2:13-cv-00560)

The VanderMay Law Firm
2085 Commercial Street NE
Salem, Oregon 97301
(503) 588-8053

picture to each other and others. Plaintiff is suing the various Doe Defendants for using the internet, specifically the BitTorrent file distribution network, to commit copyright infringement. As Defendants used the internet to commit infringement, Plaintiff only knows Defendants by their Internet Protocol ("IP") address. Defendants' IP addresses were assigned to the Defendants by their respective Internet Service Providers ("ISP"). The ISP uses the IP address to specifically identify each person using the internet though the ISP to transmit and receive data. Publicly available data allows Plaintiff to identify the specific ISP Defendants used, and even often the city where the Defendants reside, as identified in Exhibit 1 of the filed Complaint. But as the ISPs control the access to the internet by the individual Defendants, only the ISPs have the records which tie each IP address identified as infringing Plaintiff's copyright to a specific Defendant. Without this information, Plaintiff cannot serve the Defendants nor pursue this lawsuit to protect its valuable copyrights.

Accordingly, Plaintiff seeks leave of the Court to serve Rule 45 subpoenas on the ISPs identified with the Complaint and any related intermediary ISPs. Any such subpoenas will be limited to non-content subscriber account information such as the true name, address, telephone number, and e-mail address of the Defendants identified by the IP address in Exhibit 1 to the Complaint. Plaintiff will only use this information to prosecute the claims made in its Complaint.

II. ARGUMENT

Federal Rule of Civil Procedure 26(d)(1) authorizes a court to permit discovery before the Rule 26(f) conference upon a showing of "good cause" for the party's need for expedited discovery. *See, e.g., Renaud v. Gillick*, No. 06-1304, 2004 WL 98465, at *2-3 (W.D. Wash. Jan. 8, 2007) (analyzing the Ninth Circuit standard of "good cause" and cases permitting expedited discovery); *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 280 F.R.D. 273, 276 (N.D. Cal. 2002) ("Good cause may be found where the need for expedited discovery, in consideration of the

PLAINTIFF'S *EX PARTE* MOTION – Page 2
TO EXPEDITE DISCOVERY (2:13-cv-00560)

The VanderMay Law Firm
2085 Commercial Street NE
Salem, Oregon 97301
(503) 588-8053

The VanderMay Law Firm
2085 Commercial Street NE
Salem, Oregon 97301
(503) 588-8053

1  administration of justice, outweighs the prejudice to the responding party.").

2  Courts routinely allow discovery to identify "Doe" defendants. Indeed, in the related
3  action brought by Plaintiff against Doe defendants residing in the State of Oregon, the Court has
4  entered an order allowing expedited discovery to identify the defendants. *The Thompsons Film,*
5  *LLC. v. Does 1-155,* Case No. 6:13-cv-00469-TC (D. Or. Mar. 20, 2013). *See also Voltage*
6  *Pictures, LLC v. Does 1 – 371,* Case No. 3:13-cv-00295-AA (D. Or. Feb. 22, 2013); *Matot v.*
7  *Does 1-5,* Case No. 6:13-cv-00153-TC (D. Or. Feb. 12, 2013) (leave granted to subpoena any
8  email service or internet service providers for such further information as may be needed to
9  specifically identify the Doe defendants); *Murphy v. Goord,* 445 F.Supp.2d 261, 266 (W.D. New
10 York 2006) (in situations where the identity of alleged defendants may not be known prior to the
11 filing of a complaint, the plaintiff should have an opportunity to pursue discovery to identify the
12 unknown defendants); *Wakefield v. Thompson,* 177 F.3d 1160, 1163 (9th Cir. 1999) (error to
13 dismiss unnamed defendants given possibility that identity could be ascertained through
14 discovery); *Cottrell v. Unknown Correctional Officers, 1-10,* 230 F .3rd 1366 (9th Cir. 2000);
15 *Gillespie v. Civiletti,* 629 F.2d 637, 642 (9th Cir. 1980) ("where the identity of alleged
16 defendants [are not] known prior to the filing of a complaint . . . the plaintiff should be given an
17 opportunity through discovery to identify the unknown defendants"); *Equidyne Corp. v. Does*
18 *1-21,* 279 F.Supp.2d 481, 483 (D. Del. 2003) (allowing pre-Rule 26 conference discovery from
19 ISPs to obtain identities of users anonymously posting messages on message boards).

20 Courts consider the following factors when granting motions for expedited discovery to
21 identify anonymous internet users: (1) whether the plaintiff can identify the missing party with
22 sufficient specificity such that the court can determine that the defendant is a real person or entity
23 who could be sued in federal court; (2) all previous steps taken by the plaintiff to identify the Doe
24 defendants; and (3) whether the plaintiff's suit could withstand a motion to dismiss. *Columbia*
25 *Ins. Co. v. Seescandy.com,* 185 F.R.D. 573, 578-580 (N.D. Cal. 1999).

PLAINTIFF'S *EX PARTE* MOTION – Page 3
TO EXPEDITE DISCOVERY (2:13-cv-00560)

The VanderMay Law Firm
2085 Commercial Street NE
Salem, Oregon 97301
(503) 588-8053

First, Plaintiff can identify the missing parties with sufficient specificity: the missing parties are the account holders of the specific IP addresses that Plaintiff has specifically identified with the Complaint in Exhibit 1 to the Complaint.  Second, though Plaintiff has been able to identify much about each Defendant, namely who they use as their ISP, where they are generally located and what software they used to commit acts of infringement, Plaintiff has no means to readily identify the Doe Defendants as named individuals.  The ISPs have procedures for revealing such information, but they require a subpoena as a matter of course.  Third, Plaintiff states a claim for copyright infringement.  Specifically, Plaintiff has alleged sufficient facts to support a plausible right to relief well above any general level of mere speculation. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007).

Good cause clearly exists in this case because the internet service providers used to commit the acts of copyright infringement are the only sources which can supply the information necessary to identify the Defendants.  As a further basis for good cause, it is recognized that but for the expedited discovery there will be irreparable harm to the copyright owner. *See UGM Recordings, Inc. v. Doe.,* No. C 08-1193 SBA, 2008 WL 4104214, at * 4 (N.D. Cal. Sept. 3, 2008) (finding good cause for expedited discovery exists in internet infringement cases where a plaintiff makes a prima facie showing of infringement as there is no other way to identify the Doe defendants and there is a risk an ISP will destroy its logs prior to the conference.).

If Plaintiff is denied the ability to subpoena the ISPs the identity of the infringers will remain hidden and Defendants will be able to continue to freely infringe Plaintiff's copyright and commit other acts of theft with impunity.

As such it is clearly in the interest of preserving justice and order that this Court should grant Plaintiff's motion. *See Semitool, Inc.,* 280 F.R.D. at 276 ("Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party.").

PLAINTIFF'S *EX PARTE* MOTION – Page 4
TO EXPEDITE DISCOVERY (2:13-cv-00560)

The VanderMay Law Firm
2085 Commercial Street NE
Salem, Oregon 97301
(503) 588-8053

III.   PLAINTIFF'S PROPOSED ORDER

In the management of related cases, Plaintiff observes many parties may be unfamiliar with their respective rights and duties. In particular, not all ISPs may be fully aware of their obligations and responsibilities under the Cable Communications Act of 1984, 47 U.S.C. § 521, et seq. and The Stored Communications Act, 18 U.S.C. § 2701, et seq.

Plaintiff would like to avoid complications and any unnecessary or excessive burden on the courts or any party who may attempt to comply with a subpoena in good faith. To that end, Plaintiff requests that the Court adopt an order to govern the subpoenas issued in this case. Plaintiff believes such subpoenas should be limited to subscriber identifying information and exclude content which may be protected.  Further, Plaintiff requests an order that specifically outlines an ISP's duty to notify subscribers and provides an opportunity for such subscribers to file a motion to quash.

Plaintiff submits with its motion a proposed form of order that provides specific notice and reference to the obligations of an ISP and provides that notice to subscribers may be accomplished through notice as outlined in the order or in any other manner established by the ISP to comply with 47 U.S.C. §551(c)(2)(C).[1]

Plaintiff believes that its proposed order, narrowing and focusing Plaintiff's subpoena power and providing notice to parties of rights and duties, is in the interest of efficiency and justice and requests that the Court adopt and issue the proposed order or a similar order.

IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court grant its *Ex Parte* Motion To Expedite Discovery and enter an order allowing Plaintiff to subpoena records from

---

[1] Plaintiff's proposed order is in accord with the order granting it expedited discovery in the related action pending before the U.S. District Court for the District of Oregon, *The Thompsons Film, LLC v. Does 1-155*, Case No. 6: 13-cv-00469-TC (D. Or. March 20, 2013).

PLAINTIFF'S *EX PARTE* MOTION – Page 5
TO EXPEDITE DISCOVERY (2:13-cv-00560)

The VanderMay Law Firm
2085 Commercial Street NE
Salem, Oregon 97301
(503) 588-8053

1 the ISPs for the identity of the account holder assigned to each IP address identified as an

2 infringing party in Exhibit 1 to the Complaint and for such further information as may be needed

3 to specifically identify the several Doe Defendants.

4 DATED: March 28, 2013

Respectfully submitted,

The VanderMay Law Firm

/s/ Maureen C. VanderMay
Maureen C. VanderMay, WSBA No. 16742
email:  court@vandermaylawfirm.com
The VanderMay Law Firm
2085 Commercial Street NE
Salem, OR 97301
(503) 588-8053
Of Attorneys for Plaintiff

PLAINTIFF'S *EX PARTE* MOTION – Page 6
TO EXPEDITE DISCOVERY (2:13-cv-00560)

The VanderMay Law Firm
2085 Commercial Street NE
Salem, Oregon 97301
(503) 588-8053