The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| THE THOMPSONS FILM, LLC, <br><br> Plaintiff, <br><br> v. <br><br> DOES 1 – 194, <br><br> Defendants. | Case No.: 2:13-CV-560-RSL <br><br> DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND QUASHING SUBPOENAS |

I, Maureen C. VanderMay, submit the following declaration:

1. I am counsel of record for Plaintiff in the above-entitled matter.

2. I make this declaration in support of Plaintiff's Response to Order to Show Cause and Quashing Subpoenas. My statements are true to the best of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe them to be true.

3. The Court's order granting leave for preliminary discovery was served upon me electronically on April 1, 2013. Upon receipt, I started working with our staff to research how to effect personal service on the ten internet service providers ("ISPs") identified on Exhibit 1 to

| | | |
|---|---|---|
| 1 | DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND QUASHING SUBPOENAS (2:13-CV-560) | The VanderMay Law Firm PC <br> 2021 S. Jones Blvd. <br> Las Vegas, Nevada 89146 <br> 702-538-9300 |

Plaintiff's complaint. We had the requisite information for some of the ISPs from our work in another action but other ISPs required time consuming research as we had to review various materials to determine the legal names of the ISPs at issue. This research was necessary so that we could ensure that we served the correct entity through its registered agent. We also researched whether the ISPs at issue required the submission of IP addresses in any particular format and whether they wanted some form of follow up submission in addition to personal service. This research consisted of online searches and follow up telephone calls and/or emails to various ISPs.

4. Once we had the information necessary to properly effect service on each ISP, we prepared the subpoenas, cover letters, attachments where required, and made copies of the Court's order allowing preliminary discovery. This was a fairly time consuming process because of the need to ensure that the 194 IP addresses listed on Exhibit 1 to the Complaint were each transferred to the subpoena for the appropriate ISP.

5. Once the nine subpoena packets that needed to be personally served in Washington were finalized, we forwarded them to our process server in Olympia, Washington via overnight delivery on April 9, 2013. She personally served all of the subpoenas on April 12, 2013.

6. We were unable to identify an agent for service in Washington for one ISP, Nobis Technology Group, LLC. I contacted Nobis through its website and was informed that it does not maintain an agent for service of process in Washington. Nobis requested that we effect personal service on its offices in Phoenix, Arizona. I directed our staff to locate a process server in Phoenix and we forwarded the subpoena and related materials to him on April 15, 2013. Service was effected on Nobis on April 17, 2013.

7. I was personally involved in the above-described researching of the ISPs and the preparation of the subpoenas and can assure the Court that we worked diligently on this from the receipt of the Court's order on April 1st until the packets were sent to our process servers,

2   DECLARATION OF COUNSEL IN         The VanderMay Law Firm PC
    SUPPORT OF PLAINTIFF'S RESPONSE TO   2021 S. Jones Blvd.
    ORDER TO SHOW CAUSE AND QUASHING     Las Vegas, Nevada 89146
    SUBPOENAS (2:13-CV-560)              702-538-9300

including working on them over the intervening weekend.

8       Shortly after service of the subpoenas was effected, one of the ISPs, Comcast, requested an extension of the compliance date due to its workload and expected processing times. It sought an extension from May 24, 2013, to June 12, 2013. Upon receipt of this request, I inquired as to the reason for an extension of this length and expressed concern that such an extension would delay our naming the Doe Defendants who downloaded Plaintiff's film through a Comcast IP address. I asked if a shorter extension would be workable for Comcast. Comcast's response came from a supervisor who said that in light of the timing of the notices being sent to the affected subscribers, in order to comply with the terms of the Court's order the soonest that Comcast could comply with the subpoena was June 12, 2013. In light of this representation, I agreed to the requested extension.

9.      During the thirty day notice period set forth in the Court's April 1st order during which subscriber information was not to be produced, one ISP, Integra Telecom, forwarded to Plaintiff's counsel subscriber information via email. Upon seeing that the response contained subscriber information, I immediately drafted a letter that was sent via email to this ISP referencing the notice period set forth in the Court's order, enclosing another copy of said order, requesting that the response be re-submitted to us at a later time in compliance with the Court's order, and representing that we would disregard and take no action whatsoever concerning the subscriber pending the re-submission of this information from the ISP. Attached hereto as Exhibit 1 is a true and correct copy of this letter.

10.     We also received a notice regarding our subpoena to FairPoint Communications which suggested that subscriber information might be forwarded before the compliance date set forth in the subpoena. I forwarded a letter to this ISP's agent pointing out the time limitations set forth in the Court's April 1st order and asking that information not be provided earlier than the compliance date so as to ensure compliance with the Court's directives. Attached as Exhibit 2 is

3   DECLARATION OF COUNSEL IN  
    SUPPORT OF PLAINTIFF'S RESPONSE TO  
    ORDER TO SHOW CAUSE AND QUASHING  
    SUBPOENAS (2:13-CV-560)

The VanderMay Law Firm PC  
2021 S. Jones Blvd.  
Las Vegas, Nevada 89146  
702-538-9300

a true and correct copy of this letter.

11. Pursuant to the Court's directive that we immediately notify the ISPs upon which subpoenas had been served that they are not obligated to respond to these subpoenas, we began sending such notices upon my initial review of the Court's OSC on May 13, 2013. We completed this process on May 14, 2013. We reviewed the information we had on each ISP and forwarded notice by the fastest method available to us, using email where we had email addresses for our contact persons, facsimile where we had no email address and U.S. Mail where we had neither an email address nor a facsimile number.

12. The Court's OSC expresses concern that this action may be intended to employ the judicial authority of the United States "to wrest improvident settlements from pro se litigants under threat of huge statutory penalties." Court's OSC at 2. I submit that the allegations set forth in Plaintiff's complaint and its conduct of this litigation to date demonstrate that this is not the case. In light of the manner in which some BitTorrent litigation has been conducted by other Plaintiffs and other counsel before various U.S. District Courts across the United States, Plaintiff is cognizant of the bases for the Court's concern. However, with all due respect and without intending in any way to discount the Court's concern, for the reasons set forth *infra* Plaintiff submits that its ability to pursue its legitimate claims of copyright infringement should not be undermined by the misconduct of others.

13. As Plaintiff's complaint sets forth, Plaintiff is the owner of the copyright for the motion picture entitled *The Thompsons*. Unlike the motion pictures at issue in some other litigation, *The Thompsons* is not a work that was produced solely for posting online so as to create claims for infringement, nor does it have pornographic content. Rather, it is a sequel to the award winning independent film, *The Hamiltons,* which is intended for a mainstream audience. Plaintiff is the author of this work and by filing this action it is seeking to protect the significant financial investment it made in its production. Plaintiff submits that nothing in its conduct nor in the

| 4 | DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND QUASHING SUBPOENAS (2:13-CV-560) | The VanderMay Law Firm PC<br>2021 S. Jones Blvd.<br>Las Vegas, Nevada 89146<br>702-538-9300 |
|---|---|---|

a true and correct copy of this letter.

11. Pursuant to the Court's directive that we immediately notify the ISPs upon which subpoenas had been served that they are not obligated to respond to these subpoenas, we began sending such notices upon my initial review of the Court's OSC on May 13, 2013. We completed this process on May 14, 2013. We reviewed the information we had on each ISP and forwarded notice by the fastest method available to us, using email where we had email addresses for our contact persons, facsimile where we had no email address and U.S. Mail where we had neither an email address nor a facsimile number.

12. The Court's OSC expresses concern that this action may be intended to employ the judicial authority of the United States "to wrest improvident settlements from pro se litigants under threat of huge statutory penalties." Court's OSC at 2. I submit that the allegations set forth in Plaintiff's complaint and its conduct of this litigation to date demonstrate that this is not the case. In light of the manner in which some BitTorrent litigation has been conducted by other Plaintiffs and other counsel before various U.S. District Courts across the United States, Plaintiff is cognizant of the bases for the Court's concern. However, with all due respect and without intending in any way to discount the Court's concern, for the reasons set forth *infra* Plaintiff submits that its ability to pursue its legitimate claims of copyright infringement should not be undermined by the misconduct of others.

13. As Plaintiff's complaint sets forth, Plaintiff is the owner of the copyright for the motion picture entitled *The Thompsons*. Unlike the motion pictures at issue in some other litigation, *The Thompsons* is not a work that was produced solely for posting online so as to create claims for infringement, nor does it have pornographic content. Rather, it is a sequel to the award winning independent film, *The Hamiltons,* which is intended for a mainstream audience. Plaintiff is the author of this work and by filing this action it is seeking to protect the significant financial investment it made in its production. Plaintiff submits that nothing in its conduct nor in the

| 4 | DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND QUASHING SUBPOENAS (2:13-CV-560) | The VanderMay Law Firm PC 2021 S. Jones Blvd. Las Vegas, Nevada 89146 702-538-9300 |

1 correct copy of these materials.

2 **I hereby declare that the above statement is true to the best of my knowledge and**
3 **belief, and that I understand it is made for use as evidence in court and is subject to penalty**
4 **for perjury.**
5 DATED: May 23, 2013

Respectfully submitted,

The VanderMay Law Firm

/s/ Maureen C. VanderMay
Maureen C. VanderMay, WSBA No. 16742
email: thethompsonswa@vandermaylawfirm.com
The VanderMay Law Firm PC
2021 S. Jones Blvd
Las Vegas, Nevada 89146
(702) 538-9300
Of Attorneys for Plaintiff

6 DECLARATION OF COUNSEL IN SUPPORT OF PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE AND QUASHING SUBPOENAS (2:13-CV-560)

The VanderMay Law Firm PC
2021 S. Jones Blvd.
Las Vegas, Nevada 89146
702-538-9300