1
2
3
4
5
6
7
8

## THE UNITED STATES DISTRICT COURT
## FOR WESTERN WASHINGTON
## SEATTLE DIVISION

| | |
|---|---|
| THE THOMPSONS FILM, LLC, | ) |
|         Plaintiff, | ) |
| v. | )   Case No. 2:13-cv-560RSL |
| JOHN DOES 1-194, | )   JOHN DOE 51'S MOTION TO |
| | )   SEVER & DISMISS AND/OR |
| | )   ISSUE A PROTECTIVE ORDER |
|       Defendants | )   AND INCORPORATED |
|         . | )   MEMORANDUM OF LAW |
| | ) |

Comes now, John Doe 51 identified by the IP address 24.19.20.244, by and through undersigned counsel, and files this Motion and moves this Court to: sever and dismiss the Defendants and/or issue a protective order in connection on with the subpoena directed at Comcast and objects to the discovery sought. This Court should grant the relief requested. In support, Defendant relies upon the following Memorandum of Law:

\\

\\

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff, The Thompsons Film, LLC, is a California corporation that professes to have its principal place of business in California. (*See* Complaint at Paragraph 18). In this case, Plaintiff neither alleges, nor appears to transact business in, or have any identifiable connections to, the state of Washington (*See generally* Complaint). Plaintiff claims to be the rights owner of "The Thompsons" a movie that was posted on a website (the "Website"), and claims to have registered this movie with the United States Copyright Office (*See* Complaint at Paragraph 19), which is hereinafter referred to as the "Works."

In the underlying lawsuit, Plaintiff alleges that one hundred and ninety four (194) "John Doe" Defendants are liable for the infringement and contributory infringement of Plaintiff's copyrights held in "The Thompsons" film because an investigation discovered each Defendant may possibly have copied, downloaded, uploaded and/or shared a BitTorrent file from a website containing Plaintiff's motion picture, "The Thompsons." (*See generally* Complaint).

Plaintiff uses IP addresses, numbers assigned by an Internet Service Provider (hereinafter referred to as an "ISP") to each subscriber, to identify these John Doe Defendants. On March 28, 2013, Plaintiff filed a Motion for miscellaneous relief, specifically for Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conference ("Motion for Expedited Discovery") seeking leave from the United States District Court Western of Washington to issue subpoenas directed at each Defendant's ISP seeking the Defendants' personally identifying information. (*See* Mot. for Exp. Disc. [Doc. No 4].) The Honorable Robert S.

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

2 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

Lasnik, District Judge, granted Plaintiff's Motion for Expedited Discovery on April 01, 2013. (*See* Order Granting Mot. for Exp. Disc. [Doc. No. 6].) Plaintiff then caused a subpoena directed at Comcast to be issued from the United States District Court for Western Washington seeking the personally identifying information of John Does 1-194 (the "Subpoena"). (*See* Exhibit "B," a true and correct copy of the Subpoena which is incorporated by reference herein at if set forth verbatim herein.)

## II. ARGUMENT

### A. John Doe Defendants 1-50 and 52-194 Should be Severed and Dismissed from this Case due to Misjoinder

Plaintiff's Complaint improperly joins 194 unrelated individuals as Defendants. As such, John Does 1 through 50 and 52 through 194 should be severed and dismissed from the instant lawsuit pursuant to Fed. R. Civ. P. 21. Joinder is appropriate under the Federal Rules only if:

> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

> (B) any question of law or fact common to all defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2). However, even if these parameters are met, joinder is not necessarily mandatory. The Court may order separate trials to protect any party against "embarrassment, delay, expense, or other prejudice." *See* Fed. R. Civ. 20(b). Where misjoinder occurs, the court may, on just terms, add or drop a party so long as "no substantial right will be prejudiced by severance." AF Holdings, LLC v. Does 1-97, N0. C-11-3067-CW(DMR), slip op., 2011 WL 2912909, at *2

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

(N.D. Cal. July 20, 2011) (quoting Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997)).

### 1. Plaintiffs' Claims do Not Arise Out of "the Same Transaction, Occurrence, or Series of Transactions or Occurrences"

Plaintiff would like this Court to believe that the mere use of BitTorrent protocol by the Defendant's alleged use of BitTorrent protocol does not necessitate the inference that he or she had any interaction with any of the other Defendants in this case. Numerous courts handling similar cases have found that alleged copyright infringement through the use of BitTorrent protocol is insufficient to sustain permissive joinder, both in the Eleventh Circuit[1] and beyond.[2]

As was noted in an analogous case in the Southern District of Florida:

> Under the BitTorrent Protocol, it is not necessary that each of the Does ... participated in or contributed to the downloading of each other's copies of the work at issue - or even participated in or contributed to the downloading by any of the [other] Does. Any "pieces" of the work copied or uploaded by any individual Doe may have gone to any other Doe or to any of the potentially thousands who participated in a given swarm. The bare fact that a Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world.

Liberty Media Holdings, LLC v. BitTorrent Sxvarm, 277 F.R.D. 672, 675 (SD. Fla. 2011) (quoting Hard Drive Prods., Inc. v. Does 1-188, 809 F.Supp.2d 1150,

[1] See, e.g., Patrick Collins Inc. v. Does 1-16, No. 6:12-cv-477-ACC-KRS, Order to Show Cause [Doc. No.7] (M.D. Fla Apr. 5, 2012) (plaintiff later voluntarily dismissed case); Liberty Media Holdings LLC v. BitTorrent Swarm, 277 F.R.D. 672 (S.D. Fla. 2011) (severing defendants); Liberty Media Holdings, LLC v. BitTorrent Swarm, 277 F.R.D. 669 (SD. Fla 2011) (severing defendants); Raw Films Inc. v. Does 1-32, No. 1:11-CV-2939, slip op., 2011 WL 6840590 (N.D. Ga. Dec. 29, 2011) (order severing defendants); Patrick Collins, Inc. v. Does 1-35, No.1:11-CV-02940 (N.D. Ga. Dec. 19, 2011) (order severing defendants); K-Beech, Inc. v. Does 1-63, No. 1:11-CV-2941-CAP (N.D. Ga. Dec. 5, 2011) (order severing defendants)

[2] See, e.g., Third Degree Films v. Does 1-3577, No. C11-02768 LB, slip op., 2011 WL 5374569 (N.D. Cal. Nov.

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

1164 (N.D. Cal. Aug. 23, 2011)); <u>Liberty Media Holdings, LLC v. BitTorrent Svvarm</u>, 227 F.R.D. 669, 671 (S.D. Fla. 2011) (same).

Similarly, as was noted in an analogous case in the Eastern District of New York:

> Much of the BitTorrent protocol operates invisibly to the user — after downloading a file, subsequent uploading takes place automatically if the user fails to close the program. Exhibit D to the complaints, which allegedly documents the "interactions" between defendants, is a page of machine instructions which clearly demonstrate that the user plays no role in these interactions. Indeed, "[t]he bare fact that Doe clicked on a command to participate in the BitTorrent Protocol does not mean that they were part of the downloading by unknown hundreds or thousands of individuals across the country or across the world."

<u>Hard Drive Prods., Inc. v. Does 1-188</u>, 809 F.Supp.2d 1150, 1163 (N.D. Cal. 2011). <u>In re: BitTorrent Adult Film Copyright Infringement Cases</u>, No. 2:11-cv-3995-DRH-GRB, 2012 WL 1570765, at *11 (E.D.N.Y. Maw 1, 2012).   Many courts have reasoned that John Doe defendants in analogous lawsuits were improperly joined based on the time span between each defendant's alleged sharing of the file. <u>Patrick Collins, Inc. v. Does 1-16</u>, No. 6:12-cv-477-ACC-KRS, Order to Show Cause [Doc. No. 7] (M.D. Fla. Apr. 5, 2012) (ordering plaintiff to show cause why defendants should not be severed when "access occurred on different dates"); <u>Raw Films, Inc. v. Does 1-32</u>, No. 1:11-CV-2939-TWT, slip. op., 2011 WL 6840590, at *2 (N.D. Ga Dec. 29, 2011) (time span of more than 4 months); <u>K-Beech, Inc. v. Does 1-63</u>, No. 1:11-CV-02941-CAP, at 6 (N.D. Ga. Dec. 5, 2011) (time span of almost 3 months); <u>Liberty Media Holdings LLC</u>, *supra* 277 F.R.D. at 675 (time span of 2 months); <u>Liberty Media Holdings, LLC v.</u>

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

5 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

BitTorrent Swarm, 277 F.R.D. at 671 (time span of 2 months); Hard Drive Prods.

Inc., 809 F. Supp. 2d 1150, 1163 (time span of 6 weeks).

Plaintiff's counsel recently voluntarily dismissed from the Middle District of

Florida a nearly identical case after Magistrate Judge Spaulding issued an Order

to Show Cause why the defendants should not be severed and dismissed. Patrick

Collins, Inc. v. Does 1-16, No. 6:12-cv-477-ACC-KRS (M .D. Fla Apr. 5, 2012). In

issuing his Order to Show Cause, Magistrate Judge Spaulding reasoned:

> Exhibit D to the complaint is a computer screen shot that Plaintiff
> alleges illustrates the type of interactions in a typical swarm. The
> activity in Exhibit D all occurred between 6:10:50 and 6:10:52 on the
> same day. Exhibit A to the complaint shows the date and time that
> each John Doe Defendant allegedly accessed the protected work. This
> access occurred on different dates from different locations throughout
> the Middle District of Florida. Thus, contrary to the allegations of the
> complaint, it appears that the John Doe Defendants were not acting in
> concert and not engaged in the same series of transactions.

Id., Order to Show Cause [Doc. No. 7] at *1 (citations omitted). In this case,

Plaintiff has submitted as Exhibit A to the Complaint the dates and times that

John Doe accessed the "file." It shows files being transferred over one month and

eleven days timeframe. (see Complaint. Exhibit "A" [Doc. No. 1- 1]). Here, just as

in Patrick Collins, Plaintiff alleges that the Defendants accessed its copyrighted

work on different dates from different locations throughout the Middle District of

Florida. (see Complaint. Exhibit. "A" [Doc. No. 1- 1].) Therefore, just as noted by

Magistrate Judge Spaulding in Patrick Collins, it appears the John Doe

Defendants were not acting in concert and not engaged in the same series of

transactions.

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

6 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

In *Raw Films, Inc.*, the court found that "[d]ownloading a work as part of a swarm does not constitute 'acting in concert' with one another, particularly when the transactions happen over a long period." 2011 WL 6840590, at *2; *see also* K-Beech, Inc., N0. 1:11-CV-02941-CAP, at 4 (N.D. Ga. Dec. 5, 2011) (order granting motion to sever). In explanation of that finding, the court reasoned that:

> [t]he differing dates and times of each Defendant's alleged sharing do not allow for an inference that the Defendants were acting in concert. While the Defendants may have used the same peer-to-peer system, the Complaint does not allege that they were sharing with each other.

Id. at *2; *see also* K-Beech, Inc., No. 1:11-CV-02941-CAP, at 5-6 (N.D. Ga. Dec. 5, 2011). Here, Plaintiff does not allege that Defendants were sharing the file simultaneously. Plaintiff's evidence shows that there were large time spans between the different Defendants' alleged sharing of the file. (*See* Compl. Ex. A.) In fact, Exhibit A to the Complaint shows that each Defendant is alleged to have uploaded/downloaded the file once over a period of **MORE THAN TWELVE (12+)** weeks. (*See* Id.)

Plaintiff attempts to work around this overwhelming adverse precedent in the Eleventh Circuit's District Courts by nakedly stating that "[t]he file containing the subject website is so large that the Defendants' computers must have worked collaboratively with each other through the process described below for numerous weeks or months to effectuate a complete download and redistribution of the subject website," and that "[t]he hit dates listed in the exhibits are not evidence of when a particular Defendant started the download

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

7 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

but are merely evidence of when the investigator's server recorded an IP address sending a particular piece of data." Plaintiff's tactic is nothing new and has been plainly rejected by other courts.

In the Eastern District of Virginia, Plaintiff filed nine (9) nearly identical suits, which were also nearly identical to the Complaint filed in this action, against John Doe defendants alleging the direct and contributory infringement of the exact same site rip as here. Malibu Media, LLC v. Does 1-23, No. 1:12-cv-159 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v. Does 1-26, No. 1:12-cv-160 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v Does 1-26, No. 1:12-cv-162 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v. Does 1-16, No. 1:12-cv-162 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v. Does 1-15, No. 1:12-163 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v. Does 1-20, No. 1:12-cv-164 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v. Does 1-27, No. 1:12-cv-165 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v. Does 1-8, No. 1:12-cv-166 (E.D. Va. Feb. 17, 2012); Malibu Media, LLC v. Does 1-26, No. 1:12-cv-167 (E.D. Va. Feb. 17, 2012). In a join report and recommendation for these cases, the magistrate judge found that "[w]here, as here, a plaintiff seeks to join several defendants in an action based on filesharing activity ... that a plaintiff must allege facts that permit the court at least to infer some actual, concerted exchange of data between those defendants. In these cases, as in *K-Beech* and *Hard Drive Productions*, the spans of time shown in plaintiffs investigations make it difficult to draw the conclusion on that there has been any actual exchange of data between and among the defendants in each

case." Malibu Media, No. 1:12-cv-164, Report & Recommendation [Doc. No.10] at 8. The magistrate judge noted that "Exhibit A to the complaint in each case shows a span of at least two aid a half months, and up to three and a half months between the "hit dates" for the first and last defendants," and recommended that "all but the first of the Doe defendants in each of these matters be severed." Id. at 8 n.1, 9.

Severance of the Defendants in this and similar cases is only consistent with the common sense notion that "[i]n this age of instant digital gratification, it is difficult to imagine, let alone believe, that an alleged infringer of the copyrighted work would patiently wait six weeks to collect the bits of the work necessary to watch the work as a whole." Hard Drive Productions v. Does 1-188, 809 F.Supp.2d at 1163 (quoting Boy Racer v. Does 2-52, No. 11-2834-LHK-PSG, [Doc. No. 12], at *6).

Plaintiff's allegation that all of the Defendants shared a file identified by the same "hash tag" does not warrant the implication that Defendants exchanged any piece of the relevant file with each other or actually acted in concert with one another. See, e.g., MCGIP, LLC v. Does 1149, No. C 11-02331 LB, slip op., 2011 WL 4352110, at *3 (N.D. Cal. Sept. 16, 2011) (finding misjoinder where the plaintiff failed to show that any of the defendants actually exchanged any piece of the seed file with one another); Boy Racer, Inc. v. Does 1-60, No. C 11-01738 SI, slip op., 2011 WL 3652521, at *4 (N.D. Cal. Aug. 19, 2011) (finding misjoinder because "Plaintiff [did] not plead facts showing that any particular defendant

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

9 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

illegally shared plaintiff's work with any other particular defendant"). Plaintiff's allegations that Defendants committed the same type of violation in the same way simply does not equate to participation in the same transaction, occurrence, or series of transactions or occurrences. *See* LaFace Records, LLC v. Does 1-38, No. 5:07-CV-298-BR, 2008 WL 544992, at *7 (E.D.N.C. Feb. 27, 2008). This basis alone is sufficient to warrant the severance of the Defendants.

### 2. **Joinder will Result in a Lack of Judicial Economy and Prejudice the Defendants Moving Forward**

"Among the factors to be considered by the court in exercising its discretion under Rule 21 are whether judicial economy would be facilitated, whether prejudice would be avoided if severance were granted, and whether different witnesses and documentary proof are required for the separate claims." Hartley v. Clark, No. 3:09cv559/RV/EMT, 2010 WL 1187880, at *4 (N.D. Fla. Feb. 12, 2010); *see also*, 7 Charles Alan Wright, et al., Federal Practice and Procedure § 1652, at 396 (3d ed. 2001) ("[T]he court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objective of the rule, but will result in prejudice, expense or delay").

While Plaintiff's litigation tactic of joining unrelated Defendants in this action results in substantial economic benefit to the Plaintiff, it results in an overall lack of judicial economy for the Court and Defendants. In effect, Plaintiff's improper joinder tactics rob the court of the fees it requires to adjudicate such actions. In a similar case, the Northern District of Illinois recognized that:

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

10 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

In addition to the procedural improprieties outlined above, the plaintiffs' tactics deny the federal courts additional revenue from filing fees in the suits that should be filed to obtain the information the plaintiffs desire. CP Prods., 2011 WL 737761, at *1 ("No predicate has been shown for thus combining 300 separate actions on the cheap — if CP had sued the 300 claimed infringers separately for their discrete infringements, the filing fees along would have aggregated $105,000 rather than $350.")

Pacific Century Int'l, LTD v. Does 1-37, No. 1:12-cv-01057 (consolidated action), 2012 WL 1072312, at *5 n.15 (N.D. Ill. Mar. 30, 2012).

This was also recognized and discussed in great detail in an analogous case in the Eastern District of New York:

In multidistrict cases considering severance of cases, courts have noted that the filing fee has: two salutary purposes. First, it is a revenue raising measure... Second, §1914(a) acts as a threshold barrier, albeit a modest one, against the filing of frivolous or otherwise meritless lawsuits. Had each plaintiff initially instituted a separate lawsuit as should have occurred here, a fee would have been collected for each one... Thus, the federal fisc and more particularly the federal courts are being wrongfully deprived of their due. By misjoining claims a lawyer or party need not balance the payment of the filing fee against the merits of the claim or claims.

In re Diet Drugs, 325 F. Supp. 2d 540, 541-42 (E.D. Pa. 2004); see also In re Seroquel Prods Liability Litig., 2007 WL 737589, at *2-3 (M.D. Fla. Mar. 7, 2007) (denying reduction of filing fees, noting the burden on the court and the "gatekeeping feature of a filing fee").

Several courts in similar cases involving BitTorrent protocol have also recognized the effect of a countenancing a single filing fee. One court described the "common arc of the plaintiffs' litigation tactics" in these cases:

"...these mass copyright infringement cases have emerged as a strong tool for leveraging settlements - a tool whose efficacy is largely derived from the plaintiffs' success in avoiding the filing fees for multiple suits and gaining early access en masse to the identities of alleged infringers." Pacific Century, 2012 WL 1072312, at *3.

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

11 of 26

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

"Thus, the plaintiffs file a single case, and pay one filing fee, to limit their expenses as against the amount of settlements they are able to negotiate. Postponing a determination on joinder in these cases "results in lost revenue of perhaps millions of dollars (from lost filing fees) and only encourages plaintiffs in copyright actions to join (or misjoin) as many doe defendants as possible." K-Beech, Inc. v. John Does 1-41, 2012 WL 773683, at *5 (S.D. Tex. 2012).

"In the four cases before this Court, plaintiffs have improperly avoided more than $25,000 in filing fees by employing its swarm joinder theory. Considering all the cases filed by just these three plaintiffs in this district, more than $100,000 in filing fees have been evaded. If the reported estimates that hundreds of thousands of such defendants have been sued nationwide, plaintiffs in similar actions may be evading millions of dollars in filing fees annually. Nationwide, these plaintiffs have availed themselves of the resources of the court system on a scale rarely seen. It seems improper that they should profit without paying statutorily required fees." *In re*: BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at *13.

"In the joint Report & Recommendation in Malibu Media, LLC v. Does 1-23, No. 1:12-cv-159, the Magistrate Judge "inquired of the Clerk's staff, and has been advised that the alternative scenario of multiple suits described by plaintiff will not burden that office." Id. at 9.

Further, if this case proceeds, Plaintiff is likely to make further discovery requests against each individual Defendant that will further increase complexity and cost. This is the exact situation in which the Northern District of California found itself when it failed to sever the defendants in a similar case:

[Plaintiff] would require nothing less than an inspection of the subscriber's electronically stored information and tangible things, including each of the subscriber's computer and computers of those sharing his internet network .... Presumably, every desktop, laptop, smartphone, and tablet in the subscriber's residence, and perhaps any residence of any neighbor, houseguest or other sharing his internet access, would be fair game. Beyond such an inspection, [Plaintiff] might require still more discovery, including interrogatories, document requests and even depositions.

Boy Race, Inc. v. Does 2-52, No. 11-CV-2329-PSG, at 4 (N.D. Cal. Sept. 13, 2011)

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

(order denying further discovery).

The courthouse circus which will likely ensue if the Defendants are not severed will result in economic prejudice to the Defendants moving forward. *See, e.g.*, Bridgeport Music, Inc. v. 11C Music, 202 F.R.D. 229, 233 (M.D. Tenn. 2001) ("If joined in one action, hundreds of Defendants will be subject to an overwhelming onslaught of materials and information unrelated to the specific claims against them - all of which they must pay their attorneys to review"). To prevent prejudicing the Defendants and maximize judicial economy, this Court should sever and dismiss the all but the first Defendant from this case.

**B. This Court Should Issue a Protective Order Preventing or Limiting the Disclosure of John Doe 51's Personally Identifying Information by Comcast**

Although Federal Rule of Civil Procedure 45(c) indicates that a Motion to Quash be filed in the district court for the district that issued the Subpoena, it does not alter the general rule that the broad outlines of discovery in a civil case are to be controlled by the court in which the case is filed. Straily v. UBS Fin. Servs., Inc., No. 07-cv-884-REB-KMT, 2008 WL 5378148, at *2 (D. Colo. Dec. 23, 2008); Wells v. GC Servs. LP, No. C06-03511 RMW HRL, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007); Manufacturer Direct, LLC v. Directbuy, Inc., No. 2:05-cv-451, 2007 WL 496382, at *2-3 (N.D. Ind. Feb. 12, 2007); Platinum Air Charters, LLC v. Aviation Ventures, Inc., No. 2:05-cv-01451-RCJ-LRL, 2007 WL 121674, at *3 (D. Nev. Jan. 10, 2007); Best Western Int'l, Inc. v. Doe, No. cv-06-1537-PHX-DGC, 2006 WL 2091695, at *2 (D. Ariz. July 25, 2006); Static Control Components, Inc. v. Darkprint Imaging, 201 F.R.D. 431, 434 (M.D.N.C. 2001)

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

(district where case was pending had authority to issue protective order, pursuant to its right to control general outline of discovery, even though the particular discovery dispute arose from subpoena issued in another district) (citing Fincher v. Keller Indus., Inc., 129 F.R.D. 123, 125 (M.D.N.C. 1990)); Pilcher v. Direct Equity Lending, No. 99-1245-JTM, 2000 WL 33170865, at *4 n.8 (D. Kan. Dec. 22, 2000) ("Under Rule 26(c), the court in which the action is pending . . . has jurisdiction to issue a protective order limiting discovery"). A party's "discovery rights [in other districts] can rise no higher than their level in the district of trial." Fincher, 129 F.R.D. at 125. As such, this Court possesses the authority to both hear and grant the relief requested in John Doe 4's motion for a Rule 26 and/or 30(d) protective order to prohibit or limit discovery of his personally identifying information. Fed. R. Civ. P. 26(c)(l) ("a party may move for a protective order in the court where the action is pending"); Fed. R. Civ. P. 30(d)(3)(l) ("The motion may be filed in the court where the action is pending").

### 1. A Protective Order Should Be Issued Because the Information Sought by the Subpoena is Irrelevant

"The foremost fundamental principle regarding subpoenaed discovery is that a subpoena duces tecum to obtain material in advance of trial should be issued only when the party seeking the materials can show that the materials are evidentiary and relevant." Straily v. UBS Fin. Servs., Inc., No. 07-cv-884-REB-KMT, 2008 WL 5378148, at *1 (D. Colo. Dec. 23, 2008); 81 Am. Jur. 2d Witnesses § 20. A protective order may properly be issued when a subpoena seeks irrelevant information. See Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc., 231 F.R.D. 426, 429 (M.D. Fla. 2005); cf. Fed. R. Civ. P. 26(b). The term "relevant" as

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

14 of 26

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

used in Rule 26 is broad, but not exhaustive. While matters which may aid a party in the preparation or presentation of its case are relevant, matters without bearing either as direct evidence or as leads to evidence aee not within the scope of inquiry. *See* <u>Lewis v. United Air Lines Transp. Corp.,</u> 27 F.Supp. 946 (D. Conn. 1939). As the Subpoena here was issued prior to the Rule 26(f) conference, the relevancy of the discovery sought should be even more narrowly tailored to that information which is necessary to definitely and immediately allow Plaintiff to proceed with this lawsuit. Here, the subpoenaed information will not allow Plaintiff to identify the individuals responsible for infringing its copyright and who could properly be named as Defendants in this lawsuit.

The discovery requested through Plaintiff's Subpoena is based on the faulty assumption that the Internet subscribers identified in Exhibit A to the Complaint are the individuals who actually infringed Plaintiff's copyright. However, Plaintiff admits that the only individual that can be identified through an IP address is an ISP subscriber. (Decl. of Tobias Fieser [Doc. No. 32] ¶¶ 8-9.) Many courts have recognized that "the ISP subscribers to whom a certain IP address was assigned may not be the same person who used the Internet connection for illicit purposes." <u>SBO Pictures, Inc. v. Does 1-3036,</u> No. 11-4220 SC, 2011 WL 6002620, at *3 (N.D. Cal. Nov. 30, 2011); *e.g.* <u>In re: Ingenuity 13 LLC,</u> No. 2:11-mc-0084-JAM-DAD, Order [Doc. No. 24], at *10 (E.D. Cal. Mar. 21, 2012) ("the identities of the subscribers associated with the identified IP addresses... would not reveal who actually downloaded petitioner's work, since the subscriber's internet connection could have been used by another person at

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

15 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

the subscriber's location, or by an unknown party who obtained access to the subscriber's internet connection without authorization"); <u>Hard Drive Productions, Inc. v. Does 1-130,</u> No. C-11-3826-DMR, 2011 WL 553960, at *2 (N.D. Cal., Nov. 16, 2011) ("Plaintiff concedes, in some cases the Subscriber and the Doe Defendant will not be the same individual"); <u>Pac. Century Int'l Ltd. v. Does 1-101,</u> No. C-11-02533-DMR, 2011 WL 5117424, at *2 (N.D. Cal. Oct. 27, 2011).

An IP address provides only the location at which one of any number of computer devices may be deployed, especially when used with a wireless router. [3] The United States District Court for the Eastern District of New York noted that:

> If you only connect one computer to the Internet, that computer can use the address from your ISP. Many homes today, though, use routers to share a single Internet connection between multiple computers. Wireless routers have become especially popular in recent years, avoiding the need to run network cables between rooms. If you use a router to share an Internet connection, the router gets the IP address issued directly from the ISP. Then, it creates and manages a subnet for all the computers connected to that router.

<u>In re: BitTorrent Adult Film Copyright Infringement Cases,</u> 2012 WL 1570765, at *3 (quoting "What is an IP address?" at http://computer.howstuffworks.com). Thus, it is even less likely that an ISP subscriber (e.g. John Doe 51) carried out a particular computer function than that an individual who pays a home telephone bill made a specific call. It is possible that any family member living in that household, or visitor of that household, could have performed the complained of infringement. Unless the wireless router had been appropriately secured (and that security had not been compromised), neighbors or a passersby could assess

---

3 One study has shown that 61% of all U.S. homes now have wireless access to the Internet. Lardinois F., "Study: 61% of US Households Now Have WiFi," available at http://techcrunchcom, 4/5/2012.

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

the Internet using the IP address assigned to a particular subscriber and download Plaintiff's works. Illustrating this fact, the court in <u>VPR International v. Does 1-1017,</u> 2:11-cv-02068-HAB-DGB (C.D. Ill. Apr. 29, 2011) cited an instance involving a raid by federal agents on a home that was linked to downloaded child pornography:

> The identity and location of the subscriber were provided by the ISP. The desktop computer, iPhones, and iPads of the homeowner and his wife were seized in the raid. Federal agents returned the equipment after determining that no one at the home had downloaded the illegal material. Agents eventually traced the downloads to a neighbor who had used multiple ISP subscribers' Wi-Fi connections (including a secure connection form the State University of New York).

<u>Id.</u> at 2 (citing Carolyn Thompson, <u>Bizarre Pornography Raid Underscores Wi-Fi Privacy Risks</u> (April 25, 2011), (http://www.msnbc.msn.com/id/42740201/ns/technology/_and_science-wireless).

These circumstances create serious doubt as to Plaintiff's claim that the expedited discovery sought will produce information sufficient to identify the individuals who actually infringed upon Plaintiff's copyright. As one judge observed:

> The Court is concerned about the possibility that many of the names and addresses produced in response to Plaintiff's discovery request will not in fact be those of the individuals who downloaded "My Little Panties # 2." The risk is not purely speculative; **Plaintiff's counsel estimated that 30% of the names turned over by ISPs are not those of the individuals who actually downloaded or shared copyrighted material.**

<u>Digital Sin, Inc. v. Does 1-176,</u> --F.R.D.--, 2012 WL 263491, at *3 (S.D.N.Y. Jan. 30, 2012) (emphasis added); *also* <u>SBO Pictures,</u> 2011 WL 6002620, at *3. In a denying expedited discovery in a similar case, the Eastern District of California

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

17 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

noted:

> Although the revised Hansmeier declaration clarifies that he observed the co-conspirators' IP addresses engaged in the same downloading and uploading as John Doe, the declaration still does not establish that none of the internet subscribers whose information plaintiff seeks to obtain are innocent internet users. The concern remains that potentially non-offending users' information is being sought.... Because plaintiff seeks information about the "ISP subscribers who were assigned certain IP addresses, instead of the actual Internet users who allegedly engaged in infringing activity, 'Plaintiff's sought-after discovery has the potential to draw numerous innocent internet users into the litigation, placing a burden upon them that weighs against allowing the discovery as designed.'" Id. (quoting Hard Drive Prods., 2011 WL 5573960, at *2).

First Time Videos, LLC v. Doe, No. 2:11-cv-3478-GEB-EFB, 2012 WL 423714, at *5 (E.D. Cal. Dec. 30, 2011).

Further, studies have shown that the type of tracking software used by investigators, such as IPP, International, to identify BitTorrent users often produces a large number of false positive IP hits. One study performed by the Department of Computer Science and Engineering at the University of Washington determined that "copyright holders utilize inconclusive methods for identifying infringing BitTorrent users. [The Researchers] were able to generate hundreds of DMCA takedown notices for machines under [their] control at the University of Washington that were not downloading or sharing any content." Michael Piatek et al., *Challenges and Directions for Monitoring P2P File Sharing Networks -or- Why My Printer Received a DMCA Takedown Notice*, 3rd USENIX Workshop on Hot Topics in Security 2008, (July 29, 2008) http://www.msnbc.msn.com/id/42740201/ns/technology/.

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

That article specifically concludes:

[W]e find that it is possible for a malicious user (or buggy software) to implicate (frame) seemingly any network endpoint in the sharing of copyrighted materials. We have applied these techniques to frame networked printers, a wireless (non-NAT) access point, and an innocent desktop computer, all of which have since received DMCA takedown notices but none of which actually participated in any P2P networks.

Id.

Accordingly, the information sought by Plaintiff regarding the identity of John Doe 51 is irrelevant to this lawsuit based on inaccuracy of the tracking software and the fact that many individuals will often access the Internet through the same ISP account. As such, this Court should issue a protective order preventing or limiting the disclosure of John Doe 51's personally identifying information by Comcast.

### 2. A Protective Order Should Be Issued to Protect John Doe 51 from Annoyance, Embarrassment, Oppression, and Undue Burden and Expense, and/or Disclosure of Confidential information

"Restrictions on discovery may be broader where a non-party is the target of discovery to protect such third parties from unnecessary harassment, inconvenience, expense or disclosure of confidential information." In re Condor Diamond Corp., 26 B.R. 847, 849 (S.D.N.Y. 1983) (citing Dart Indus. Co. v.

4 Many ISPs, including Comcast, qualify as a "cable operators" as defined by 47 U.S.C. § 522(5).

Westwood Chem. Co., 649 F.2d 646, 649 (9th Cir. 1980); Pollitt v. Mobay Chems. Corp., 95 F.R.D. 101, 103 (S.D. Ohio 1982))Z see Fed. R. Civ. P. 26(c).

Numerous courts have observed that subpoenas directed at ISPs seeking

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

19 of 26

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

the personally identifying information of account holders issued in lawsuits brought by pornographers, such as Malibu Media, LLC, are not likely to result in clams being litigated on the merits. Rather, such information will be used for the exclusive purpose of embarrassing the ISP subscribers in attempts at coercing them into oppressive settlements through the use of Plaintiff's non-attorney agents that operate similarly to collection agencies. *e.g.* Raw Films, Inc. v. Does 1-32, No. 1:11-cv-2939-TWT, slip. op., 2011 WL 6840590, at *2 n.5 (N.D. Ga. Dec. 29, 2011) ("The risk of inappropriate settlement leverage is enhanced in a case like this involving salacious and graphic sexual content where a defendant may be urged to resolve a matter at an inflated value to avoid disclosure of the content the defendant was accessing"); Digital Sin, 2012 WL 263491, at *3 ("This risk of false positives gives rise to the potential for coercing unjust settlements from innocent defendants such as individuals who want to avoid the embarrassment of having their names publicly associated with allegations of illegally downloading 'My Little Panties # 2'"); Hard Drive Prods., 2011 WL 5573960, at *3 ("the court shares the concern that these cases potentially open the door to abusive settlement tactics"); VPR International, No. 2:11-cv-2068-HAB-DGB, Order [Doc. No. 15], at 3 ("Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case").

In Plaintiff's home state of California, courts have decried similar abuses of expedited discovery.

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

20 of 26

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

> Plaintiff also never addressed how the litigation strategy it adopted is fair to any defendant.... Even though plaintiff justified the need for expedited discovery so it could identify and serve Doe defendants (Docket No. 6), eleven months after the complaint was filed, not a single Doe has been served.... Instead, plaintiff appears to have used the information from the subpoena for a different purpose: to extract settlements from out-of-state defendants by notifying them that they have been sued in California, knowing that it is highly unlikely that many of them will be amenable to suit in California.... This Court does not condone copyright infringement and encourages settlement of genuine disputes. However, plaintiff's desire to enforce its copyright in what it asserts is a cost-effective manner does not justify perverting the joinder rules to first create the management and logistical problems discussed above and then offer to settle with Doe defendants so that they can avoid digging themselves out of the morass plaintiff is creating.

In <u>On the Cheap, LLC v. Does 1-5011,</u> --F.R.D.--, 2011 WL 4018258, at *4 (E.D. Cal. Sept. 6, 2011). In denying a plaintiff's motion for expedited discovery in a similar case, the Eastern District of California reasoned that:

> as numerous other courts have noted, if the undersigned were to grant plaintiff's renewed request for expedited discovery regarding the alleged co-conspirators, "[p]laintiff would likely send settlement demands to the individuals whom the ISP identified as the IP subscriber. That individual — whether guilty of copyright infringement or not — would them have to decide whether to pay money to retain legal assistance to fight the claim that he or she illegally downloaded sexually explicit materials, or pay the money demanded. This creates great potential for a coercive and unjust settlement.'" <u>SBO Pictures, Inc.,</u> 2011 WL 6002620, at *3 (quoting Hard Drive Prods., 2011 WL 5573960, at *3).

<u>First Time Videos, LLC,</u> 2012 WL 423714, at *5.

Recently, Judge Gary Brown issued an opinion in the Eastern District of New York lambasting the unfair litigation tactics that Plaintiff is attempting to employ here. In that case one of the John Doe Defendants had submitted a sworn declaration on stating:

MOTION TO SEVER, DISMISS AND/OR ISSUE A PROTECTIVE ORDER                    21 of 26

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

Upon receipt of the Complaint, I reached out to Plaintiff and spoke to a self-described "Negotiator" in an effort to see if I could prove to them (without the need for publicly tying my name to the Complaint) that I had nothing to do with the alleged copyright infringements. **The Negotiator was offered unfettered access to my computer, my employment records, and any other discovery they may need to show that I was not the culpable party.** Instead, the Negotiator refused and was only willing to settle the Complaint for thousands of dollars. While the Negotiator said on October 24, 2011 that he would check to see if he could come down from the thousands of dollar settlement amount, the Negotiator has not responded to two voice mails that were left on October 25, 2011. Notably, the Negotiator justified the settlement amounts because, in part, I would incur legal fees in hiring an attorney.

In re: BitTorrent Adult Film Copyright Infringement Cases, 2012 WL 1570765, at

*5 (citing K-Beech, Decl. of John Doe #16 [Doc. No. 16], at 11-12) (emphasis in

original). Judge Brown recognized that:

John Doe #16's experience directly mirrors that of defendants in a separate action by plaintiff K-Beech regarding *Gang Bang Virgins*, as well as another action filed by Patrick Collins, Inc. relating to a film entitled *Cuties*. See K-Beech, Inc. v. Does 1-85, 2011 U.S. Dist. LEXIS 124581, at *6 (E.D. Va. Oct. 5, 2011) ("Some defendants have indicated that the plaintiff has contacted them directly with harassing telephone calls, demanding $2,900 in compensation to end the litigation") and Patrick Collins, Inc. v. Does 1-58, 2011 U.S. Dist. LEXIS 120235, at *6 (E.D. Va. Oct. 5, 2011) (same); cf. Raw Films, Ltd. v. Does 1-32, 2011 WL 6182025, at *2 (E.D. Va. Oct. 5, 2011) (same).

Id. Judge Brown concluded that "[t]his course of conduct indicates that the

plaintiffs have used the offices of the Court as an inexpensive means to gain the

Doe defendants' personal information and coerce payment from them. The

plaintiffs seemingly have no interest in actually litigating the cases, but rather

simply have used the Court and its subpoena powers to obtain sufficient

information to shake down the John Does." Id. (quoting Raw Films, Ltd. v. Does

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

22 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*

1-32, No. 3:11-cv-532-JAG, slip. op., 2011 WL 6182025, at *3 (E.D. Va. Oct. 5, 2011)).

"[C]ourts must be vigilant to ensure that their processes are not used improperly for purposes unrelated to their role." Paisley Park Enterprises, Inc. v. Uptown Prods., 54 F.Supp.2d 347, 349 (S.D.N.Y. 1999); *also* U.S ex rel. Phillips v. Front Range Home Improvements, Ltd., No. 06-cv-927-WYD-MJW, 2008 WL 2477602, at *1 (D. Colo. Jun. 18, 2008) (same); Am. Family Mut. Ins. Co. v. Minor, 2007 WL 4365694, at *1 (D. Colo., Dec. 10, 2007) (same); Drake v. Benedek Broadcasting Corp., No. Civ. 99-2227-GTV, 2000 WL 156825, at *2 (D. Kan. Feb. 9, 2000) (same). Plaintiff should be prevented from manipulating this Court into using its powers to further Plaintiff's extortionary intentions. *See, e.g.,* K-Beech, Inc. v. Does 1-41, No. V-11-46, slip. op., 2012 WL 773683, at *4 (SD. Tex. Mar. 8, 2012) ("the Court finds that the potential for coercing unjust settlements from innocent defendants trumps K-Beech's interest in maintaining low litigation costs"); Malibu Media, LLC v. Does 1-26, No. 1:12-cv-161-CMH-TRJ, Report & Recommendation [Doc. No. 11], at *8-9 (E.D. Va. Apr. 3, 2012) (same) (for 9 consolidated cases).

Additionally, the Subpoena seeks confidential personally identifying information that Comcast has on file about its subscriber John Doe 51. Section 551 of the Cable Communications Act of 1984 requires that IPSs[4] notify their subscribers before disclosing any personally identifiable information. 47 U.S.C. § 551(c)(2); Doe v. Cahill, 884 A.2d 451, 455 n.4 (Del. 2005); H.R. Rep. 98-934, at *77 ("Subsection (c) limits the disclosure of personally identifiable information

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

collected by a cable operator to those situations ... required by court order, provided that the subscriber has been notified of the disclosure..."). Congress established this requirement because subscribers have a privacy interest in their personally identifying information on record with their ISPs. HR. Rep. 98-934, at *79 (**"The Congress is recognizing a right of privacy in personally identifiable information collected and held by a cable company...")** (emphasis added).

The expedited discovery sought through Plaintiff's Subpoena is likely to annoy, embarrass, and humiliate John Doe 51, who is likely an innocent ISP subscriber. Further, it is oppressive in so far as it furthers Plaintiff's unfair litigation tactics intended to coerce John Doe 51, and other likely innocent ISP subscribers, into settling Plaintiff's claims for thousands of dollars in order to avoid the embarrassment of being associated with pornography. Without establishing its entitlement to the information sought by a "good cause" need for expedited discovery of information that is irrelevant to this lawsuit, the Subpoena seeks discovery confidential information, in which Congress has recognized the Defendant's right to privacy. As such, this Court should issue a protective order preventing or limiting the disclosure of John Doe 51's personally identifying information by Comcast.

### III. CONCLUSION

Plaintiff has demonstrated that it is far more interested in obtaining ISP subscribers' contact information for use in extracting large settlements than the

MOTION TO SEVER, DISMISS AND/OR
ISSUE A PROTECTIVE ORDER

24 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259*

formalities of the legal process and privacy interests of the affected individuals. Plaintiff's joinder of Defendants is improper because Plaintiff's claims do not arise out of the same transaction, occurrence, or series thereof, and it prejudices the Defendants while undermining judicial economy. The discovery sought by the Subpoena will subject John Doe 51 to annoyance, embarrassment, undue burden, is oppressive, and seeks information to which he has a congressionally recognized right to privacy.

**WHEREFORE**, Defendant John Doe 51 respectfully requests that this Court Dismiss the case against John Doe 51 and/or Sever Defendants one through fifty and fifty-two through one hundred ninety-four, allowing Plaintiff to bring individual actions against each Defendant, if it so chooses, in a court of the appropriate venue;

(a)   Issue a protective order pursuant to Fed. R. Civ. P. 26 and/or 30(d) prohibiting the ISP Comcast from disclosing any of John Doe 51's personally identifying information;

(b)   Grant such other and further relief to which John Doe 51 may justly be entitled.

\\
\\
\\
\\
\\
\\
\\
\\
\\

LAW OFFICES OF GREENE & LLOYD, PLLC
Street Address: 4115 S. Meridian, Suite B
Mailing Address: P.O. Box 731063
Puyallup, Washington 98373
(253) 770-0808, Fax (253) 770-0259

Respectfully submitted,
**GREENE & LLOYD, PLLC**
P.O. BOX 731063
PUYALLUP, WA 98373
TEL: (253) 770-0808 FAX: (253) 770-0259

_/s/_ **Timothy M. Greene**
**TIMOTHY M. GREENE,**
WASHINGTON STATE BAR NO. 17499
tgreene01@hotmail.com
**of Attorneys for John Doe 51**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of May, 2013, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF and on all of those parties receiving electronic notification via the Court's CM/ECF electronic filing.

By: _/s/_    Timothy M. Greene
**TIMOTHY M. GREENE**

MOTION TO SEVER, DISMISS AND/OR ISSUE A PROTECTIVE ORDER                26 of 26

*LAW OFFICES OF GREENE & LLOYD, PLLC*
*Street Address: 4115 S. Meridian, Suite B*
*Mailing Address: P.O. Box 731063*
*Puyallup, Washington 98373*
*(253) 770-0808, Fax (253) 770-0259*