13-CV-00560-RESP

ATTN: Court Clerk

Case Number: 2:13-cv-00560 RSL

The Thompsons Film LLC. V DOES 1-194

RECEIVED

JUN 06 2013

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                   DEPUTY

## MOTION TO QUASH

1. Pursuant to Fed. R. Civ. P. 45(c)(3)(A), DOE 47 files this Motion to Quash Subpoena served upon Custodian of Records, Comcast, because the subpoena requires disclosure of protected information and subjects DOE No. 47 to undue burden.

Additionally, the subpoena seeks information that is not relevant given Plaintiff's inability to link DOE 47 to alleged infringing activity. The IP address allegedly connecting DOE 47 to this case is located no less than 10 miles from the home where DOE 47 resides.

2. Plaintiff filed suit in the Western District of Washington (The-Thompsons-Film-LLC-v-Does-1-194-No-13-cv-0560) against 195 unnamed DOE defendants, who are identified in its Amended Complaint only by internet protocol (IP) addresses. Plaintiff alleges that these DOE defendants have obtained a video in violation of Plaintiff's copyrights.

3. DOE No. 47 has standing to move to quash the subpoena because it seeks disclosure of personal identification information considered to be confidential and over which DOE No. 47 has personal and proprietary interests. DOE No. 47 also has standing to move to quash the subpoena to protect reputational interests. FED. R. CIV.P. 45(c)(3)(B) allows a person affected by, but not subject to, a subpoena to move to quash the subpoena.

4. The Thompsons Film LLC complaint and ex parte request for expedited discovery form yet another in a wave of suits in which copyright infringement plaintiffs seek to "tag" a defendant based solely on an IP address. However, an IP address is not equivalent to a person or entity. It is not a fingerprint or DNA evidence – indeed, far from it. In a remarkably similar case in which an adult entertainment content producer also sought expedited discovery to learn the identity of persons associated with IP addresses, United States District Judge Harold Baker of the Central District of Illinois denied a motion for expedited discovery and reconsideration, holding that, "IP subscribers are not necessarily copyright infringers...The infringer might be the subscriber, someone in the subscriber's household, a visitor with her laptop, a neighbor, or someone parked on the street at any given moment." Order of Apr. 29, 2011, VPR Internationale v. DOES 1-1017, No. 2:11-cv-02068 (Central District of Illinois) (Judge Harold A. Baker) [hereinafter VPR Internationale Order]. The point so aptly made by Judge Baker is that there may or may not be a correlation between the individual subscriber, the IP address, and the infringing activity. Id. The risk of false identification by ISPs based on internet protocol addresses is vividly illustrated by Judge Baker when he describes a raid by federal agents on a home allegedly linked to downloaded child

pornography. The identity and location of the subscriber were provided by the ISP (in the same fashion as Plaintiff seeks to extract such information from Comcast.) After the raid revealed no pornography on the family computers, federal agents eventually learned they raided the wrong home. The downloads of pornographic material were traced to a neighbor who had used multiple IP subscribers' Wi-Fi connections. Id. This risk of false identification and false accusations through disclosure of identities of internet subscribers is also presented here. Given the nature of the allegations and the material in question, should this Court force Comcast to turn over the requested information, DOE No. 47 would suffer a reputational injury.

5. DOE No. 47 resided in a multiple story residential structure that had been subdivided into various *individual sleeping rooms and common areas. DOE No. 47 was the only one of several persons living in* the residential structure that had an internet service provider. Her personal computer and internet service connection was maintained in a common lounge area on the first floor of said structure. Any resident in the building had access to said personal computer and had ample opportunity to use DOE No. 47 IP address, for their own purposes, without detection. The likelihood that an individual, other than DOE No. 47, infringed Plaintiff's copyrights is too great to support any correlation between DOE No. 47 and the alleged violation that Plaintiff seeks to prove. Here, the risk of reputational injury to a young woman from public exposure and association with the The Thompsons Film LLC allegations—even if later disproven—is too great and presents an undue burden to DOE No. 47 under FED. R. CIV. P. 45(c)(3)(A)(iv).

6. If the mere act of having an internet address can link a subscriber to copyright infringement suits, internet subscribers such as DOE No. 47 will face untold reputational injury, harassment, and embarrassment. The reputational risk that Judge Baker found to be an undue burden is equally presented here: "[W]hether you're guilty or not, you look like a suspect." Moreover, this case presents the same extortion risk that so concerned Judge Baker:

"Could expedited discovery be used to wrest quick settlements, even from people who have done nothing wrong? The embarrassment of public exposure might be too great, the legal system too daunting and expensive, for some to ask whether VPR has competent evidence to prove its case."

Discovery is not a game. Yet, plaintiffs in these types of cases use discovery to extort settlements from anonymous defendants who wish to avoid the embarrassment of being publicly associated with this type of allegation. Such abuse of the discovery process cannot be allowed to continue.

7. Additionally, this subpoena should not have been issued in the first place because the information sought is not relevant to Plaintiff's allegations. Implicit in the rule granting subpoena power is a requirement that the subpoena seeks relevant information. See Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998)("the reach of a subpoena issued pursuant to [FED. R. CIV. P. 45] is subject to the general relevancy standard applicable to discovery under [FED. R. CIV. P. 26(b)(1)]."). The information linked to an IP address cannot give you the identity of the infringer. Because the infringer could have been anybody with a laptop passing within range of the router, the information sought by Plaintiff is not relevant to the allegations in any way. Moreover, even if the information has some small amount of

relevance to the claim—which it does not—discovery requests cannot be granted if the quantum of relevance is outweighed by the quantum of burden to the defendant. FED. R. CIV. P. 26(b)(2)(C)(iii). Plaintiff's request fails that balancing test. Given that DOE No. 47 was only one of many persons who could have used the IP address in question, the quantum of relevance is miniscule at best. However, as discussed above, the burden to DOE No. 47 is severe.  DOE No. 47 is a single mother who works hard to support her 2 children. The burden would be immense and undue for that reason as well. The lack of relevance on the one hand, measured against the severe burden of risking a significant reputational injury on the other, means that this subpoena fails the Rule 26 balancing test. Plaintiff's request for information is an unjustified fishing expedition that will cause reputational injury, prejudice, and undue burden to DOE No. 47 if allowed to proceed. Good cause exists to quash the subpoena served on Comcast to compel the disclosure of the name, address, telephone number and e-mail address of DOE No. 47.