UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THE THOMPSONS FILM, LLC,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DOES 1 - 194,<br><br>　　　　Defendants. | Case No.  C13-0560RSL<br><br>ORDER DENYING MOTION FOR STATUS CONFERENCE |

　　　　This action was filed on March 28, 2013.  Each of the Doe defendants is identified only by an IP address linked to the on-line sharing of the movie "The Thompsons."  Plaintiff asserts direct, contributory, and indirect copyright infringement claims against each Doe defendant.  Although the Court granted plaintiff's motion to initiate early discovery in order to obtain information sufficient to identify the owner of each IP address, it had concerns regarding the propriety of joining numerous defendants in a single lawsuit and the possibility that plaintiff was using the judicial authority of the United States to wrest improvident settlements from *pro se* litigants under threat of huge statutory penalties.  Discovery was stayed until the Court could hear from plaintiff's counsel.

　　　　The Court ultimately determined that joinder was proper under Fed. R. Civ. P. 20(a)(2) only if, upon receipt of identifying information regarding the individuals

ORDER DENYING MOTION FOR
STATUS CONFERENCE - 1

1  associated with the IP addresses at issue, plaintiff timely affects service and actually
2  prosecutes this case. The Court noted that, absent timely service, plaintiff effectively
3  obtains access to unrepresented individuals and parleys that access into open-ended and
4  unlimited discovery, despite the very narrow discovery order entered by the Court. In this
5  context, the 120-day service deadline was found to be the only thing limiting plaintiff's
6  unsanctioned discovery expedition, and the Court made clear its intention to strictly
7  enforce the service deadline absent extraordinary and unforeseeable circumstances.

8  The discovery stay was lifted on August 7, 2013, and plaintiff was given
9  eighty days to complete discovery and affect service. Plaintiff has now filed a "Motion
10 for an Expedited Status Conference" pursuant to Fed. R. Civ. P. 16(a). Dkt. # 34. The
11 Court rarely holds Rule 16(a) status conferences in civil cases, preferring to establish case
12 management deadlines based on a written status report negotiated and submitted by the
13 parties jointly. Nor does a Rule 16(a) status conference appear to be necessary in this
14 case. The enumerated purposes of the rule include "expediting disposition of the action"
15 and "establishing early and continuing control so that the case will not be protracted
16 because of lack of management." The Court has already taken steps to accomplish those
17 goals.

18 Plaintiff has not identified any particular issue that needs resolution by the
19 Court. After stating that it is diligently pursuing discovery from the ISPs, has researched
20 and drafted an amended complaint, and has had detailed discussions with a number of
21 attorney's representing the Doe defendants, plaintiff simply requests an initial status
22 conference "so that issues relating to the processing of this case may be discussed with
23 the Court." Dkt. # 34 at 2. The Court's August 7, 2013, order is clear, however, and
24 plaintiff appears to be cognizant of the need to accomplish service by the established

25
26

ORDER DENYING MOTION FOR
STATUS CONFERENCE - 2

deadline. Defense counsel have not joined in the motion for a status conference,[1] suggesting that the issue plaintiff hopes to discuss with the Court is the service deadline itself. To the extent plaintiff intends to seek an extension of the deadline, it must file an appropriate motion setting forth the unforeseen and extraordinary circumstances that justify such relief.

For all of the foregoing reasons, plaintiff's motion for an expedited status conference (Dkt. # 34) is DENIED.

Dated this 6th day of September, 2013.

*MRS Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] Only eleven of the 194 Doe defendants have appeared in this matter, and only ten of them have received notice of plaintiff's request for a status conference. In these circumstances, the Court is even less inclined to schedule what might well become an ex parte interview with plaintiff's counsel.