1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THE THOMPSONS FILM, LLC,

     Plaintiff,

  v.

DOES 1 - 194,

     Defendants.

Case No.  C13-0560RSL

ORDER GRANTING MOTION TO
DISMISS AND GRANTING LEAVE
TO AMEND

     This matter comes before the Court on a "Motion to Dismiss, or for More
Definite Statement" by defendants Kimberly Banks, Eric Morris, Doan'nhi Nguyen, and
Gino Wall.  Dkt. # 59.  The question for the Court on a motion to dismiss is whether the
facts in the complaint sufficiently state a "plausible" ground for relief.  Bell Atl. Corp. v.
Twombly, 550 U.S. 544, 570 (2007).  Although a complaint need not provide detailed
factual allegations, it must offer "more than labels and conclusions" and contain more
than a "formulaic recitation of the elements of a cause of action."  Twombly, 550 U.S. at
555.  If the complaint fails to state a cognizable legal theory or fails to provide sufficient
facts to support a claim, dismissal is appropriate.  Robertson v. Dean Witter Reynolds,
Inc., 749 F.2d 530, 534 (9th Cir. 1984).

1    Having reviewed the memoranda and case law submitted by the parties,[1] the

2  Court finds as follows:

3    This action was filed on March 28, 2013, against 194 Doe defendants.  Each

4  Doe defendant was identified only by an IP address linked to the on-line sharing of the

5  movie "The Thompsons."  The Court granted plaintiff's motion to initiate early discovery

6  in order to obtain information sufficient to identify the owner of each IP address, but

7  noted that:

8       [I]dentifying the account holder may tell us very little about who actually
9       downloaded "The Thompsons" using that IP address.  As one court noted,
         "it is no more likely that the subscriber to an IP address carried out a
10      particular computer function . . . than to say an individual who pays the
         telephone bill made a specific telephone call."  In re BitTorrent Adult Film
11      Copyright Infringement Cases, 2012 WL 1570765, at *3 (E.D.N.Y. May 1,
         2012).  In fact, it is less likely.  Home wireless networks are ubiquitous,
12      meaning that a single IP address can simultaneously support multiple
13      computer devices throughout the home and, if not secured, additional
         devices operated by neighbors or passersby.  Thus, the risk of false
14      positives is very real.  Digital Sin, Inc. v. Does 1-176, 279 F.R.D. 239, 243
15      (S.D.N.Y. 2012).  It is not clear that plaintiff could, consistent with its
         obligations under Fed. R. Civ. P. 11, make factual contentions regarding an
16      internet subscriber's infringing activities based solely on the fact that he or
17      she pays the internet bill.

18 On October 17, 2013, plaintiff filed a First Amended Complaint naming seventeen

19 individual defendants.  Five of the named defendants and the remaining Doe defendants

20 have been dismissed.  Four of the named defendants filed this motion to dismiss, arguing

21 that plaintiff's allegations, which are presented in the alternative, fail to state a claim for

22 relief that crosses the line between possible and  plausible.  The Court agrees.

23

24    [1]  The Court has considered the unpublished opinions submitted by the parties.
25 Defendants' request for judicial notice (Dkt. # 60) is GRANTED.  Because the issues and
   arguments asserted in this case are substantially similar to those presented in Elf-Man, LLC v.
26 Cariveau, C13-0507RSL, defendants' request for oral argument is DENIED.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 2

1
2
3
4
5
6
7
8
9

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief. Factual allegations must be enough to raise a right to relief above the speculative level. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. Nor is it enough that the complaint is factually neutral; rather, it must be factually suggestive.

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Somers v. Apple, Inc., 72 F.3d 953, 959-60 (9th Cir. 2013) (internal quotation marks and citations omitted). Plaintiff's complaint does not raise a plausible inference that any of the named defendants are liable for direct, contributory, or indirect copyright infringement. In the fact sections of the complaint, plaintiff carefully refrains from alleging that the owners of the IP address – *i.e.*, the named defendants – are the ones who utilized the internet access to download the copyrighted material. Rather, plaintiff alleges that the IP address assigned to each defendant "was observed infringing Plaintiff's motion picture" (Dkt. # 39 at ¶ 32) and that each named defendant either (a) downloaded the BitTorrent "client" application and used it to download and share the copyrighted material or (b) permitted, facilitated, or promoted the use of their internet connections by others to download and share the copyrighted material (Dkt. # 39 at ¶ 25). Pursuant to plaintiff's allegations, a particular defendant may have directly and intentionally stolen plaintiff's copyrighted material, or she may simply have "facilitated" unauthorized copying by purchasing an internet connection which an unidentified third party utilized to download "The Thompsons." Plaintiff provides no factual allegations that make one scenario more likely than the other: both are merely possible given the alternative

1   allegations of the complaint.

2          Plaintiff argues that such alternative pleading is permissible under Fed. R.

3   Civ. P. 8(d)(2) and that "[i]f a party makes alternative statements, the pleading is

4   sufficient if any one of them is sufficient."  The critical defect in this case is not the

5   alternative pleading of claims of direct, contributory, and indirect infringement.  Rather,

6   the problem arises from the alternative pleading of the facts that are supposed to support

7   those claims.  The effect of the two "or" conjunctions means that plaintiff has actually

8   alleged no more than that the named defendants purchased internet access and failed to

9   ensure that others did not use that access to download copyrighted material.  For the

10  reasons set forth below, these facts do not support any of the alternative claims asserted.

11  Rule 8(d)(2) does not, therefore, save plaintiff's complaint.

12  **A.  First Claim For Relief:  Copyright Infringement**

13         Plaintiff's claim of direct copyright infringement relies on a conclusory

14  allegation that the named defendants were personally involved in the use of BitTorrent

15  software to download "The Thompsons" and to further distribute the movie.  The only

16  fact offered in support of this allegation is that each named defendant pays for internet

17  access, which was used to download and/or distribute the movie.  As the Court previously

18  noted, however, simply identifying the account holder associated with an IP address tells

19  us very little about who actually downloaded "The Thompsons" using that IP address.

20  While it is possible that the subscriber is the one who participated in the BitTorrent

21  swarm, it is also possible that a family member, guest, or freeloader engaged in the

22  infringing conduct.  The First Amended Complaint, read as a whole, suggests that

23  plaintiff has no idea who downloaded "The Thompsons" using a particular IP address.

24  Plaintiff has not alleged that a named defendant has the BitTorrent "client" application on

25  her computer, that the download or distribution is in some way linked to the individual

26

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 4

subscriber (as opposed to her account), that the defendant has acknowledged personal

involvement in the download and distribution, or even circumstances which might

increase the likelihood that the subscriber is the infringer (such as defendant's living

arrangements or network details).  Rather than provide specific facts tying the named

defendant to the infringing conduct, plaintiff merely alleges that her IP address "was

observed infringing Plaintiff's motion picture" and guesses how that might have come

about.[2]  While it is possible that one or more of the named defendants was personally

involved in the download, it is also possible that they simply failed to secure their

connection against third-party interlopers.  Plaintiff has failed to adequately allege a claim

for direct copyright infringement.

**B.  Second Claim For Relief:  Contributory Infringement**

          Plaintiff's claim of contributory infringement relies on the allegation that

the named defendants materially contributed to others' infringement of plaintiff's

exclusive rights by participating in a BitTorrent swarm.  For the reasons discussed above,

this allegation of personal involvement in a swarm is conclusory, and plaintiff has failed

to adequately allege a claim for contributory infringement.

**C.  Third Claim For Relief: Indirect Infringement of Copyright**

          Plaintiff alleges that the named defendants obtained internet access through

a service provider and "failed to secure, police and protect the use of their internet service

---

          [2]  Plaintiff apparently concedes that it does not know the "circumstances concerning how these Defendants' IP addresses came to be used for the infringement of Plaintiff's copyright," but argues that it should be allowed to conduct discovery because it cannot reasonably be expected "to have procured such information at this stage of the proceeding."  Dkt. # 63 at 13 n.6.  This argument "collides with what the Supreme Court said in Ashcroft v. Iqbal, 556 U.S. 662[, 678-79 (2009)]: 'Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.'"  Starr v. Baca, 652 F.3d 1202, 1219 (9th Cir. 2011).  Mr. Iqbal was required to have evidence of Attorney General Ashcroft's subjective intent at the pleading stage.  Requiring plaintiff to allege facts giving rise to a plausible, not merely possible, inference that it has named the correct defendant is no more onerous or unreasonable.

against illegal conduct, including the downloading and sharing of Plaintiff's motion picture by others." Dkt. # 39 at ¶ 149. One may be liable for another's direct infringement where the circumstances give rise to a reasonable inference that the defendant intentionally encouraged or promoted the infringement. See Sony Corp of Am. v. Universal City Studios, Inc., 464 U.S. 417, (1984) (defendant is liable for infringing uses of a product it distributes only if the product is not capable of substantial non-infringing uses);[3] Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 932 (2005) ("where evidence goes beyond a product's characteristics or the knowledge that it may be put to infringing uses, and shows statements or actions directed to promoting infringement," intentional inducement of infringement may be shown and liability attach); Perfect 10, Inc. v. Amazon.com, Inc., 487 F.3d 701, 727 (9th Cir. 2007) ("[A]n actor may be contributorily liable for intentionally encouraging direct infringement if the actor knowingly takes steps that are substantially certain to result in such direct infringement.").[4] Plaintiff makes no allegations of intent or knowledge, nor does it provide facts that would be necessary to support such conclusory allegations. See Ashcroft v. Iqbal, 556 U.S. 662, 680-81, 686-87 (2009) (conclusory allegations of knowledge and intent are not entitled to the presumption of truth when evaluating the allegations of a complaint). As such, the allegations are insufficient to state a claim for contributory infringement.

Plaintiff argues, however, that contributory infringement is a judge-made

---

[3] In Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd., 545 U.S. 913, 932 (2005), the Supreme Court explained that the "incapable of non-infringing uses" test is used to evaluate the intent of the defendant: "it may be presumed from distribution of [such] an article in commerce that the distributor intended the article to be used to infringe another's patent."

[4] A defendant may also be liable for another's infringing activity under the common law doctrine of vicarious liability. Plaintiff has not provided any facts that would support such a theory of liability in this case.

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 6

1   concept and the Court should entertain its admittedly novel theory of liability – that

2   defendants can be held liable for contributory infringement because they failed to take

3   affirmative steps to prevent unauthorized use of their internet access to download "The

4   Thompsons" – so that this area of the law can develop fully.  While it is true that the

5   circumstances giving rise to a claim of contributory infringement have not all been

6   litigated and that courts will continue to analyze contributory liability claims in light of

7   common law principles regarding fault and intent (Perfect 10, 487 F.3d at 727), plaintiff's

8   theory treads on an element of the claim that has already been fixed by the courts, namely

9   the requirement that defendant's contribution to the infringement be intentional (Grokster,

10   545 U.S. at 930).  A claim of novelty will not defeat a motion to dismiss where the

11   allegations fail to plead an essential element of the claim.

12          For all of the foregoing reasons, defendants' motion to dismiss (Dkt. # 59)

13   is GRANTED.  Plaintiff may have additional information regarding individual defendants

14   that would provide the necessary heft to its factual allegations of personal involvement

15   and/or intent and should be given an opportunity to remedy the deficiencies identified by

16   the Court.  Plaintiff shall, therefore, have fourteen days from the date of this Order to file

17   a Second Amended Complaint that pleads factual content that allows the Court to draw

18   the reasonable inference that the named defendants are liable for the misconduct alleged.

19   Failure to file a timely and adequate pleading will result in the entry of judgment against

20   plaintiff and in favor of defendants.

21

22          Dated this 14th day of February, 2014.

23

24   _Robert S. Lasnik_
     Robert S. Lasnik
     United States District Judge

25

26

ORDER GRANTING MOTION TO DISMISS
AND GRANTING LEAVE TO AMEND - 7